### John Dean v. The State.

No. 149. Decided January 26, 1910.

**1.—Local Option—Remarks by Judge—Practice.**

Where upon trial for a violation of the local option law, the court made remarks as to his conclusions on the evidence, in the presence of the jury, the same was reversible error.

**2.—Same—Charge of Court—Theory of Defense.**

Where upon trial of a violation of the local option law the court failed to submit the theory of the defense as requested in special charges, the same was reversible error.

Appeal from the County Court of San Augustine. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Foster & Davis,* for appellant.—On charge of court, cited Keller v. State, 87 S. W. Rep., 669; Bills v. State, 86 S. W. Rep., 1012.

*John A. Mobley,* Assistant Attorney-General, for the State

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for violating the local option law. 1. A bill of exceptions recites that after the testimony had been introduced by both sides, and while the jury were present, the presiding judge, while on the bench, addressing himself to the attorneys in the case, said in the hearing and presence of the jury, and from the bench: "Gentlemen: As a question of law I believe he is guilty under his own statement, and I would like for you to find me some law governing the matter." Thereupon appellant excepted to the remark of the court, so stating at the time the exception was taken; thereupon the court repeated in substance his remark, and again exception was taken. This bill is approved with the following qualification: "After all the evidence was in, and the jury warned not to talk about the case and to be back next morning at 8:30, and before they dispersed the court addressed the attorneys for defendant and told them he would be glad to have some authority on the law of the case, and counsel for defendant said in substance that he thought the law of the case was settled in favor of the defendant in a number of cases, but did not just recall them; and the court remarked that as a matter of law, it appeared to him that he was guilty, from his own statement. The remarks being made exclusively to counsel, but was heard by the jury, and the counsel excepted to the remark and the court said, 'I was referring to the law only.'" This bill shows a violation of our statute which prohibits the court from making such remarks in regard to the effect of the evidence, or his conclusion as to the guilt or innocence of the defendant, that being a matter relegated exclusively to the jury. This necessitates a reversal of the judgment.

2. The court gave this instruction to the jury: "If the defendant received the whisky from Henry Lewis, to deliver to the owners thereof and that he had no interest in the whisky in any way he would not be guilty, and if you so believe you will find him not guilty. But if the defendant was acting as agent of the said Lewis, in aiding and assisting him in the sale of the whisky, or if he had any interest in the sale, whether directly or indirectly, of said whisky, he would be guilty of selling intoxicating liquor." Exception was reserved to this charge, and the following instructions requested: "Gentlemen of the jury: You are instructed that if Boy Dodd had ordered the whisky from Henry Lewis, prior to the time defendant brought it from Brodus, and Henry Lewis hired defendant to bring the same from Brodus, with other whisky, and instructed defendant to collect the money for same and to apply it to the hire of himself and team for said trip, then defendant would be guilty of no offense and it is your duty to acquit him."

The following instructions were also asked: "Gentlemen of the jury: You are instructed that if you believe from the evidence that Boy Dodd, some time prior to the time charged in the indictment, ordered whisky from Henry Lewis, and that Henry Lewis hired defendant and his team to go to Brodus and get said whisky and deliver it to said Dodd and

collected the money due by said Dodd for said whisky, then defendant would be guilty of no offense, and it is your duty to acquit him."

Appellant asked the further instructions: "Gentlemen of the jury: You are instructed in this case that if you believe from the evidence that Boy Dodd, some time prior to the time charged in the indictment, ordered whisky from Henry Lewis, and that Henry Lewis hired defendant and his team to go to Brodus and get said whisky and deliver it to said Dodd and instructed defendant to collect the money due by said Dodd to said Lewis for said whisky, and that defendant did deliver said whisky to said Dodd and collect $1.25 for same, he would be guilty of no offense and it would be your duty to acquit him."

Another charge was asked similar to those above quoted, submitting the good faith of defendant upon practically the same state of facts as set out in the other instructions. These special charges were all refused. We are of opinion that they should have been given, at least the phase of the case presented in those instructions should have been given.

The facts applicable to those charges may be summed up briefly, as follows: Henry Lewis took orders for quite a lot of whisky, amounting to three or four gallons or more, from different parties. Among those from whom he took the orders was the witness Dodd, the alleged purchaser. After getting a sufficient amount of orders he telephoned to a whisky establishment in Angelina County and had the whisky sent on the train to a station called Brodus. He hired appellant to go to Brodus and bring the whisky to San Augustine, for which he paid appellant for the services of himself and his team the sum of $3. Lewis authorized appellant to collect the money, and pay himself the $3 from the amount collected. Boy Dodd received his bottle of whisky and paid appellant the $1.25. Among those who ordered whisky was appellant; his order was for one gallon of whisky. Under this state of case we are of opinion the requested charges should have been given. It has not been thought necessary to make a full statement of the evidence, and it is only that portion of the evidence we state that bears more directly on the question involved in the special charges. This was appellant's theory of the matter, and if those facts were believed by the jury we are of opinion he should have been acquitted. While the court's charge criticised was correct as given, yet there was error in refusing the requested charges presenting appellant's side of the case.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

McCord, Judge, not sitting.